# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **TIFFINY GOODLOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **JURY DEMANDED** |
| | ) | |
| **INGRAM MICRO, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## NOTICE OF REMOVAL

---

COMES NOW, Defendant Ingram Micro, Inc., by and through the undersigned counsel, and files its notice of removal pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 based on the following grounds.

1.      This suit originated in the Circuit Court of Shelby County Tennessee, having been filed on March 5, 2021.  The case was originally styled as *Tiffiny Goodlow v. Ingram Micro, Inc.*, Docket No. CT-0911-21, Div. V.[1]

2.      Defendant Ingram Micro, Inc. was served with a summons and a copy of the Complaint through its registered agent on March 11, 2021.  No responsive pleadings to Plaintiff's Complaint have been filed in Circuit Court.  Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days of service of the initial pleading upon this Defendant.

---

[1] The correct style reflecting the accurate Docket Number and Division is *Tiffiny Goodlow v. Ingram Micro, Inc.*, Docket No. CT-0911-21, Div. V.  The attached complaint reflects an inaccurate caption of *Tiffiny Goodlow v. Ingram Micro, Inc.*, Docket No. CT-0091-21, Div. VII.

3.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the Circuit Court as of the filing of this Notice of Removal are attached hereto as Exhibit A.

4.    Venue is proper because any civil action may be removed by a defendant to federal court to the federal district court has original jurisdiction over the action and is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.    Because this defendant has satisfied the procedural requirements for removal and this Court has jurisdiction over this action, as discussed more fully below, this case is properly removed to this Court.

6.    Removal for this action is based upon the diverse citizenship of the parties as set forth in 28 U.S.C. § 1332.

7.    The Plaintiff is a citizen of Memphis, Shelby County, Tennessee, as she admits in her Complaint

8.    A corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017).  The Defendant, Ingram Micro, Inc. is a Delaware corporation with a principal place of business located at 3351 Michelson Drive, Suite 100 Irvine, California 92612-0697.

9.    Since Plaintiff is a citizen of Tennessee, and this Defendant is not a citizen of Tennessee, complete diversity exists between the parties, and this Court may properly exercise jurisdiction over Plaintiff's claims.

10.    The amount in controversy exceeds $75,000, as evidenced by the Prayer for Relief in Plaintiff's Complaint.

11.     In compliance with 28 U.S.C. § 1446(a), a copy of the notice of Filing Notice of Removal that will be filed in the Circuit Court of Shelby County, Tennessee is attached as <u>Exhibit B</u>.

12.     In compliance with 28 U.S.C. § 1446(d), this Defendant is serving Plaintiff with written notice of removal of this action.

Based upon the foregoing, the case is properly removed to the United States District Court for the Western District of Tennessee in the Western Division at Memphis pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 9th day of April, 2021.


Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

By:     /s/ Julia M. Kavanagh
        Julia M. Kavanagh, BPR #28144
        40 S. Main Street, Suite 2800
        Memphis, Tennessee 38103
        (901) 620-4990 (Telephone)
        (901) 620-4982 (Facsimile)
        jkavanagh@hallboothsmith.com
        jdavenport@hallboothsmith.com

*Attorneys for Defendant Ingram Micro, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 9, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the ECF System, which sent notification of such filing to the following and further certify that a true and accurate copy of the foregoing was served via U.S. Mail, postage prepaid, and via e-mail, to counsel of record as follows:

**MORGAN AND MORGAN MEMPHIS, LLC**

Elaine Sheng BPR # 18438
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
(901) 217-7000 (Telephone)
(901) 333-1897 (Facsimile)
esheng@forthepeople.com

*Attorney for Plaintiff*

Signed: /s/ Julia M. Kavanagh

71160835-1

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Mar 05 5:10 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. **CT-0091-21, Div. VIII**

◉ Lawsuit
◯ Divorce

Ad Damnum $ 500,000.00

| TIFFINY GOODLOW | VS | INGRAM MICRO INC. |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

INGRAM MICRO, INC.
by and through its Registered Agent
Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other  TN County Sheriff ($)
◉ Private Process Server
◯ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Elaine Sheng, Esq. and Morgan & Morgan       Plaintiff's

attorney, whose address is 80 Monroe Avenue, 9th Floor, Memphis TN 38103

telephone (901) 217-7000   within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand  dollar ($10,000) personal  property exemption from execution or seizure to satisfy a judgment.  If a judgment
should be entered against you in this action and you wish to claim property as exempt,  you  must  file a written list, under oath, of the items you wish
to claim  as exempt  with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however,  unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment  issued prior to the filing of the list. Certain
items are automatically  exempt by law and do not need to be listed.  These include  items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles  necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL ,  Clerk  of the Court, Shelby County,  Tennessee, certify  this  to be a true and accurate  copy as filed this

_____ 20___

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk  and  Master     By: _____ , D.C.

EXHIBIT A

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

Signature of person accepting service                 Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**       TIFFINY GOODLOW VS INGRAM MICRO INC

**Case Number:**   CT-0911-21

**Type:**               SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 03/08/2021 08:35:13 AM

ELECTRONICALLY FILED
2021 Mar 05 5:10 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY TENNNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TIFFINY GOODLOW,**

> **Plaintiff,**

**v.**

**DOCKET NO.:** CT-0091-21, Div. VIII

**JURY DEMANDED**

**INGRAM MICRO INC.,**

> **Defendant.**

---

### COMPLAINT FOR DAMAGES

---

    **COME NOW**, Plaintiff, TIFFINY GOODLOW, by and through counsel and, pursuant to the Tennessee Rules of Civil Procedure, files this Complaint for Damages and personal injuries against Defendant, INGRAM MICRO INC. and, in support thereof would show the court as follows:

### PARTIES

1. Plaintiff, TIFFINY GOODLOW, (hereinafter "Ms. Goodlow"), is an adult resident of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Defendant, INGRAM MICRO INC., is a Delaware foreign for-profit corporation licensed to do business in the State of Tennessee with its principal address at Ingram Micro Inc., ATTN: Anne Miller, 3351 Michelson Drive, Suite 100, Irvine California 92612-0697 and may be served by delivering a copy of the Summons and Complaint to its Registered Agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

3. All events which form the basis of this Complaint occurred in Millington, Shelby County, Tennessee.

4. Venue is properly situated in Shelby County, Tennessee.

5. This Court has jurisdiction over the parties to this litigation.

6. This Court has jurisdiction over the subject matter of this litigation.

7. Defendant, INGRAM MICRO INC., has been properly served by private process server.

## FACTS

8. On or about July 1, 2020, Ms. Goodlow was on Defendant's premises as a business invitee, operating a forklift for her employer, SMX.

9. Upon information and belief, an employee of Defendant was also driving a forklift when he suddenly and without warning struck the forklift that Ms. Goodlow was operating with his forklift causing the pallets on Ms. Goodlow's forklift to strike both of her legs/knees and through her forward, causing serious and severe injuries and damages to Ms. Goodlow.

10. As a result of this incident, Ms. Goodlow suffered injuries to both legs, her right knee, and fractured to her right wrist, which required medical treatment. Ms. Goodlow was required to undergo surgery on her right knee.

11. Upon information and belief, the subject facility and the adverse forklift driver was under the exclusive maintenance, care, custody, and control of Defendant, INGRAM MICRO INC.

## CAUSE OF ACTION

## NEGLIGENCE

12. Plaintiff repeats the allegations contained in paragraphs 1–11 as though set forth verbatim.

13. Plaintiff charges and alleges that Defendant was negligent in hiring the forklift driver who caused Ms. Goodlow's injuries and damages.

2

14. Plaintiff charges and alleges that Defendant failed to properly train the forklift driver who caused Ms. Goodlow's injuries and damages.

15. Plaintiff charges and alleges that Defendant, its employees, agents and/or assigns, were negligent in failing to ensure the safety of the workplace for their employees, and staffing company employees, including Ms. Goodlow.

16. Defendant, through the actions and/or inactions of its employees, agents and/or assigns, was negligent in failing to provide safe employees because a dangerous fellow employee is equally as dangerous as a defective machine, and Defendant's unsafe employee caused Ms. Goodlow's injuries and damages.

17. Defendant is liable for negligent entrustment, hiring, or retention for its the employee who drove the forklift negligently causing Ms. Goodlow's injuries and damages.

18. Defendant, through the actions and/or inactions of its employees, agents and/or assigns, was negligent in failing to adequately and appropriately supervise its unsafe forklift driver and the premises of known dangerous conditions on the premises, when Defendant had ample time to sufficiently remedy such condition, causing Ms. Goodlow's injuries and damages.

19. Defendant had actual and/or constructive notice of the unsafe forklift driver, its employee) whose negligence caused Ms. Goodlow's injuries and damages.

20. Defendant, through the actions and/or inactions of its employees, agents and/or assigns knew or should have known of the dangerous condition of its unsafe forklift driver, whose negligence causing Ms. Goodlow's injuries.

21. Upon information and belief, Defendant, its employees, agents and/or assigns, had actual and/or constructive notice of the dangerous condition, its unsafe forklift drive, that caused Ms. Goodlow's injuries and damages.

3

22. As a direct and proximate result of Defendant's negligence, Ms. Goodlow suffered injuries, which required medical treatment, including surgery.

23. As a direct and proximate result of Defendant' negligence, Ms. Goodlow endured pain and suffered physical and emotional trauma, as well as temporary and permanent physical injuries and may endure complications in the future.

## DAMAGES
## COMPENSATORY

24. Plaintiff repeats the allegations contained in paragraphs 1-23 as though set forth verbatim.

25. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered the severe and permanent injury, caused, and precipitated by the wrongs complained of herein.

26. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered physical pain and suffering, both past and future.

27. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered mental and emotional anguish, both past and future.

28. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered lost wages.

29. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered loss of future earning capacity.

30. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow incurred reasonable and necessary medical expenses and will incur additional bills for future treatment.

31. As a direct and proximate result of one or more of the above acts of negligence, Ms. Goodlow suffered loss of enjoyment of life, both past and future.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that Ms. Goodlow has had, or will necessarily have to undergo in the future;

2. That Plaintiff be awarded special damages for medical expenses according to proof;

3. That Plaintiff be awarded compensatory damages in the amount of FIVE HUNDRED THOUSAND and NO/100THS DOLLARS ($500,000.00);

4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury of twelve (12) be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN AND MORGAN MEMPHIS, LLC**

Elaine Sheng (BPR # 18438)
*Attorney for the Plaintiff*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
T: (901) 217-7000
F: (901) 333-1897
Esheng@forthepeople.com

ELECTRONICALLY FILED
2021 Mar 05 5:10 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TIFFINY GOODLOW,**

     **Plaintiff,**

                                **DOCKET NO. CT-0091-21, Div. VIII**
                                **JURY DEMAND**

**INGRAM MICRO INC.,**

     **Defendants.**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### and REQUESTS FOR PRODUCTION TO DEFENDANT

    **COMES NOW** the Plaintiff, TIFFINY GOODLOW, by and through counsel, and pursuant to the Tennessee Rules of Civil Procedure, submits the following Interrogatories to be answered under oath and Requests for Production of Documents Propounded upon Defendant, INGRAM MICRO INC. These Interrogatories and Requests for Production of Documents and Things shall be considered continuing to the full extent allowed under the Tennessee Rules of Civil Procedure.

### INSTRUCTIONS

a.   These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.   Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

c.   Where name and identity of a person is required, please state full name, home address and also business address, if known.

d.   Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his

attorney's. When an answer is made by the corporate defendant, state the name, address, and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

e.  The pronoun "you" refers to the party to whom the Interrogatories are addressed to and the parties mentioned in clause (d).

f.  "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

g.  The "incident " and/or "occurrence" mentioned in these interrogatories is the incident that occurred on July 1, 2020 at Ingram Micro Inc. located at 3820 Micro Drive, Millington, Shelby County, Tennessee 38053.

h.  For purposes of these interrogatories, the terms "custody, dominion and control" and "ownership, maintenance, dominion or control" shall refer to the entity responsible for creating and/or enforcing rules and policies regarding operating forklifts in Millington, Shelby County, Tennessee.

<u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**      State the full name, address, occupation, and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

**INTERROGATORY NO. 2:**      Is the name of the Defendant correctly stated in the Complaint? If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

**INTERROGATORY NO. 3:**          Are the date, time and place of the alleged incident correctly stated in the Complaint?  If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

**INTERROGATORY NO. 4:**          Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address, and occupation of the current custodian of said incident report.

**INTERROGATORY NO. 5:**          Please list the name, last known address and employer of each and every employee employed by Defendant, INGRAM MICRO INC. and working at said location on the date of the incident as alleged in the Complaint.

**INTERROGATORY NO. 6:**          State full name, address, occupation, employer, and telephone number of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint in this action.

**INTERROGATORY NO. 7:**          Have you, your agents, investigators, attorneys, or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

**INTERROGATORY NO. 8:**          Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

**INTERROGATORY NO. 9:**          State the frequency and dates of inspections of the area where this incident occurred for the 30-day period prior to the incident and the 24-hour period

after this incident, which is the subject matter of this litigation. State the name, address, job title and telephone number of the person who made the last inspection prior to the incident.

**INTERROGATORY NO. 10:**      State who was responsible for the hiring, training, retention, and supervision of the Defendant's forklift drivers at the location where Plaintiff was injured as alleged in the Complaint.

**INTERROGATORY NO. 11:**      Please state whether or not you have experienced any incidents on the subject premises for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**INTERROGATORY NO. 12:**      Please state whether or not you have experienced any other forklift for all locations in Tennessee for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**INTERROGATORY NO. 13:**      Please state whether or not you have experienced any other slip and fall incidents for all locations nationwide for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

4

**INTERROGATORY NO. 14:**     Please identify the type of forklift that cause Plaintiff's injuries on the subject date.

**INTERROGATORY NO. 15:**     Please identify by name, address, and telephone number the forklift driver who caused Ms. Goodlow's injuries in the subject incident.  If the employee no longer works for Defendant, provide in your answer his/her last known contact information.

**INTERROGATORY NO. 16:**     Please identify all policies and procedures for hiring, training and retention of forklift drivers of the date of the incident.

**INTERROGATORY NO. 17:**     As of the date of the subject incident, did you ever assign a specific associate or associates to continuously or periodically supervise the forklift workers in area where the subject incident is alleged to have occurred for dangerous conditions such as negligent driving.

**INTERROGATORY NO. 18:**     Who was the competent individual(s) within your company who is responsible for employee hiring, employee training, employee retention, and safety briefs as of the date of the subject incident.

**INTERROGATORY NO. 19:**     Please identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of and made the basis of this lawsuit.

**INTERROGATORY NO. 20:**     Please identify any person with whom you are aware that witnessed the incident or the events occurring immediately before or after the incident; and/or heard any statements made about the incident by any individual at the scene.

5

**INTERROGATORY NO. 21:**     Identify each employee or agent with personal knowledge of the incident and for each person: identify his/her job title and job or function which was being performed by that individual at the time of the incident.

**INTERROGATORY NO. 22:**     Identify all person whom you intend to call as expert witnesses at the trial of this case, and for each such expert identify:

    a.   The subject matter on which he/she is expected to testify.

    b.   The substance of the facts and opinions to which he/she is expected to testify.

    c.   A summary of the grounds of each opinion to which he/she will testify.

    d.   The basis upon which he/she qualified as an expert on the subject matter to which he/she is expected to testify.

**INTERROGATORY NO. 23:**     Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the subject incident.

**INTERROGATORY NO. 24:**     Describe in detail any conversations any representative has had with the Plaintiff prior to or following the subject incident.

**INTERROGATORY NO. 25:**     If you, your attorney, or any representative of yours, conducted any sound, photographic, video, personal sight, or any other type of surveillance of the Plaintiff, state:

    a.   By whom (name and address of company and/or individual);

    b.   The date(s) of such surveillance;

    c.   The time(s) of such surveillance;

    d.   The location(s) of such surveillance;

    e.   The method by which such surveillance was made; and

    f.   A summary of what such surveillance reveals.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please produce copies of all documents that you identified, reviewed, or relied upon in responding to the interrogatories served herewith and copies of all documents referenced in your response to the same.

**REQUEST NO. 2:**   The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial, along with:

a. All written reports of each person whom you expect to call as an expert witness at trial;

b. All documents upon which any expert witness you intend to call at trial relied to form an opinion.

c. All notes, correspondence, bills, invoices, diagrams, photographs, x-rays, or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial; and,

d. All invoices generated by expert witnesses generated for performing all expert witness services to the defendant, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated, and any other fee paid by the defendants for expert fees.

**REQUEST NO. 3:**   All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agents, representatives or employees of the parties concerning the subject matter of this action.

**REQUEST NO. 4:**   All documents, including but not limited to, any photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys, drawings, or other graphic

7

representations of information that relates in any way to the incident or the injuries suffered by Plaintiff as a result of the incident, subject matter of this action, or the Plaintiff.

**REQUEST NO. 5:** Any documents received pursuant to a subpoena request served by Defendant.

**REQUEST NO. 6:** Any document prepared during the regular course of business as a result of the incident complained of in the Plaintiff's Complaint.

**REQUEST NO. 7:** Copies of any treaties, standards in the industry, legal authority, rule, case, statute, or code that will be relied upon in the defense of this case.

**REQUEST NO. 8:** All records, logs, and/or timesheets concerning the forklift drivers on duty and in the area where Plaintiff was injured for five (5) days prior to this occurrence, five (5) days subsequent to this occurrence, and for the date of this occurrence.

**REQUEST NO. 9:** Copies of any reports of accidents or incidents reasonably similar to the incident resulting in the Plaintiff's personal injuries, as set forth in Plaintiff's Complaint, including but not limited to incidents occurring in a manner similar to Plaintiff's incident or in an area near where this incident occurred, for the five (5) year period prior to the date of this incident.

**REQUEST NO. 10:** Copies of any and all reports and/or complaints made with regard to employees on Defendant's premises in the area where this incident occurred for the five (5) year period prior to the date of this incident and during the period subsequent to the date of this incident.

**REQUEST NO. 11:** Copies of any and all documents describing or referring to the system, routine, policies, or procedures of hiring, training, retention and/or supervision of the forklift drivers and the area where the incident occurred in effect as of the date of this incident, as set forth in Plaintiff's Complaint.

**REQUEST NO. 12:** Copies of any agreement between the named Defendant and any individual or entity hired to assist with the hiring, training, retention and/or supervision of the forklift drivers in the area where this incident occurred in effect as of the date of this incident, as set forth in Plaintiff's Complaint.

**REQUEST NO. 13:** Copies of any documents which refer to any inspection or investigation of the incident made the basis of this lawsuit.

**REQUEST NO. 14:** Any contract and/or agreement between Defendant and SMX in effect on the date of the incident in question.

**REQUEST NO. 15:** Copies of the personnel and/or disciplinary file for any employee/agent identified as Defendant's forklift driver who caused Plaintiff's injuries and damages in your possession, custody, or control.

**REQUEST NO. 16:** Copies documents, correspondence, etc. pertaining to training procedures that are followed in the course of training of your employees or the other Defendant's employees with regard forklift operating/driving at Ingram Micro Inc. in Millington, Tennessee including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in training its employees or the other employees provided by SMX or other staffing agencies.

**REQUEST NO. 17:** Copies documents, correspondence, etc. pertaining to hiring procedures that are followed in the course of hiring of your employees or the other staffing agency employees with regard to business invitees and/or guests while at Ingram Micro Inc. in Millington, Tennessee including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in hiring its employees.

**REQUEST NO. 18:**  Copies documents, correspondence, etc. pertaining to retention procedures that are followed in the course of retaining of your employees or the other staffing agency employees with regard to business invitees and/or guests while at Ingram Micro Inc. in Millington, Tennessee including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in retention of its employees.

**REQUEST NO. 19:**  Copies documents, correspondence, etc. pertaining to supervision procedures that are followed in the course of supervising of your employees or the other staffing agency employees with regard to business invitees and/or guests while at Ingram Micro Inc. in Millington, Tennessee including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in supervision of its employees.

**REQUEST NO. 20:**  Copies of any certificates held by your employee identified as the forklift driver in your possession, custody and/or control who negligently caused Plaintiff's injuries and damages.

**REQUEST NO. 21:**  Copies of any certificates held by your employee identified as the forklift driver in your possession, custody and/or control who negligently caused Plaintiff's injuries and damages.

**REQUEST NO. 22:**  Please provide copies of, including but not limited to, reports, notes, findings, photographs, digital records or audio or videotapes relating to any surveillance of the Plaintiff, conducted by you, your attorney or representative or yours.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**


Elaine Sheng (TN Bar No. 18438)
Attorney for the Plaintiff
80 Monroe Avenue, 9th Floor
Memphis, Tennessee 38103
T: (901) 217-7000
F: (901) 524-1787
ESheng@forthepeople.com


*Served with Complaint*


Elaine Sheng, Esq.

11

## IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TIFFINY GOODLOW,**                       )
                                           )
    **Plaintiff,**              )
                                           )
**v.**                                     )      **DOCKET NO.:** <u>CT-0911-21, DIV. V</u>
                                           )      **JURY DEMANDED**
                                           )
**INGRAM MICRO, INC.,**                    )
                                           )
    **Defendant.**              )

---

### NOTICE OF NOTICE OF REMOVAL

---

Please take notice that on the 9th day of April, 2021, Defendant Ingram Micro, Inc. removed this action to the United States District Court for the Western District of Tennessee at Memphis.  A true and accurate copy of the Notice or Removal, exclusive of exhibits, is attached as Exhibit A.

Respectfully submitted this 9th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

By: _____
Julia Kavanagh, BPR #28144
Jared Davenport, BPR #38747
40 S. Main Street, Suite 2800
Memphis, Tennessee 38103
(901) 620-4990 (Telephone)
(901) 620-4982 (Facsimile)
jkavanagh@hallboothsmith.com
jdavenport@hallboothsmith.com

*Attorneys for Ingram Micro, Inc.*

1

EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 9, 2021, a true and correct copy of the foregoing document, Notice of Filing Notice of Removal, was sent via U.S. Mail, postage prepaid, and via e-mail, to counsel of record as follows:

**MORGAN AND MORGAN MEMPHIS, LLC**

Elaine Sheng BPR # 18438
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
(901) 217-7000 (Telephone)
(901) 333-1897 (Facsimile)
esheng@forthepeople.com

*Attorney for Plaintiff*

Signed: _____

71160840-1