IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TIFFINY GOODLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02221-SHM-tmp |
| | ) | |
| INGRAM MICRO INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This is a workplace injury action. Plaintiff Tiffiny Goodlow ("Goodlow") sues Defendant Ingram Micro Inc. ("Ingram Micro") for damages caused by a forklift accident. Before the Court is Ingram Micro's May 28, 2021 Motion for Summary Judgment (the "Motion.") (D.E. 21.) Goodlow responded on August 31, 2021. (D.E. 43.) For the following reasons, the Motion is **GRANTED**.

**I.   Background**

The following facts are undisputed.

Ingram Micro is a technology and supply chain logistics company. (D.E. 44.) SMX is a subcontractor that provides temporary employees to Ingram Micro's Millington, Tennessee warehouse. Ingram Micro employs SMX workers and its own employees to operate forklifts at the Millington warehouse.

(Id.)  Goodlow was an SMX temporary employee hired to operate a forklift for Ingram Micro.  (Id.)

On or around July 1, 2020, Goodlow was operating a forklift when she collided with a forklift operated by an Ingram Micro employee.  (Id.)  Ingram suffered injuries to her legs, right knee, and right wrist.  (D.E. 1.)  The injury to her right knee required surgery.  (Id.)

On May 28, 2021, Goodlow brought suit in the Circuit Court of Shelby County, Tennessee, alleging negligence by Ingram Micro. (Id.)  She seeks damages in excess of $500,000.  (Id.)  Ingram Micro removed on April 9, 2021.  (Id.)  On May 28, 2021, Ingram Micro filed the present Motion, arguing that it is immune from suit under Tennessee law.  (D.E. 21.)  Plaintiff responded on August 31, 2021.  (D.E. 43.)

**II.  Jurisdiction and Applicable Law**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).

Plaintiff is a Tennessee citizen.  (See D.E. 1.)  Ingram Micro is a Delaware corporation with its principal place of business in California.  (Id.)  There is diversity of citizenship.  Plaintiff seeks more than $500,000 in damages.

2

(Id.)  The amount in controversy is satisfied.  The Court has diversity jurisdiction.

State substantive law applies to state law claims in federal court.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). When there is no dispute that a certain State's substantive law applies, the Court need not conduct a choice-of-law analysis sua sponte.  See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). The parties have assumed that Tennessee substantive law governs Plaintiff's negligence claim.  (See D.E. 21; D.E. 43.)  The Court will apply Tennessee substantive law.

### III. Standard of Review

Under Federal Rule 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of her case.  See Fed. R. Civ. P. 56(c)(1); George v. Youngstown St. U., 966 F.3d 446, 458 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial.  See

3

Fed. R. Civ. P. 56(c). "[A] genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." George, 966 F.3d at 458 (internal citations and quotation marks omitted). "The non-moving party must show that there is more than 'some metaphysical doubt as to the material facts.'" Goodman v. J.P. Morgan Inv. Mgmt., Inc., 954 F.3d 852, 859 (6th Cir. 2020)(quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in her favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut."

4

FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**IV.  Analysis**

"Under the Tennessee Workers' Compensation Act, an employee injured in an accident while in the course and scope of employment is generally limited to recovering workers' compensation benefits from the employer." Murray v. Goodyear Tire & Rubber Co., 46 S.W.3d 171, 175 (Tenn. 2001).  An employee of a subcontractor may recover from the principal contractor under certain circumstances.  See id.; Tenn. Code Ann. § 50-6-113(a).  The employee must first attempt to recover from her immediate employer.  Tenn. Code Ann. § 50-6-133(c).  If the employee collects full compensation from the immediate employer, she cannot collect from the principal.  Id.  However, if the immediate employer is unable to pay, the worker may collect from the principal contractor.  Id.

The Tennessee Workers' Compensation Act serves as a quid pro quo.  The statute "is intended to ensure that all workers will receive compensation when they are injured in the course of their employment." Lindsey v. Trinity Commc'ns, Inc., 275 S.W.3d 411, 420 (Tenn. 2009).  "In exchange for the principal contractor's exposure to liability under the Workers' Compensation Law, the principal contractor receives immunity from suit in tort." Fayette Janitorial Servs. v. Kellogg USA,

5

Inc., 2013 WL 428647, at *4 (Tenn. Ct. App. Feb. 4, 2013) (citing Troup v. Fischer Steel Corp., 236 S.W.33d 143, 148 (Tenn. 2007)). A principal contractor receives immunity from a tort suit even if the employee does not recover workers' compensation, so long as the employee has the potential to recover from the principal. Mouser v. Buckhead Const. Co., 2006 WL 1763679, at *4 (Tenn. Ct. App. June 28, 2006).

Ingram Micro argues that it qualifies as a principal contractor and is therefore immune from Plaintiff's tort suit. (D.E. 21.) "[A] company is considered a principal contractor if: (1) the company undertakes work for an entity other than itself; (2) the company retains the right of control over the conduct of the work and the subcontractor's employees; or (3) 'the work being performed by a subcontractor's employees is part of the regular business of the company or is the same type of work usually performed by the company's employees.'" Lindsey, 275 S.W.3d at 421 (quoting Murray, 46 S.W.3d at 176).

It is undisputed that "[o]perating a forklift is a daily activity that is part of Defendant's regular business as a technology and supply chain logistics company." (D.E. 44.) Goodlow was an SMX temporary employee hired to operate a forklift for Ingram Micro. She was operating a forklift when the injury occurred. There is no genuine dispute about whether Ingram Micro qualifies as a principal contractor under Tennessee law. Because

6

Ingram Micro qualifies as a principal contractor, it is immune from Plaintiff's tort suit.

**V.    Conclusion**

For the foregoing reasons, the Ingram Micro's Motion for Summary Judgment is GRANTED.

So ordered this 5th day of November, 2021.

                                      */s/ Samuel H. Mays, Jr*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE